McIlvaine, J.
1. The question iti this case to which the arguments have been chiefly directed is, had the court of common pleas of Cuyahoga county jurisdiction to render judgment against Oliver R. Butler in the action against him and another, and to make an order therein for the sale of attached property, under which the plaintiff claims to have acquired title to the forty shares of railroad stock, for the value of which the action was brought against the defendant in error ?
Jurisdiction of the defendant Butler was obtained, if at all, by service by publication, authorized by section 70 of the code, upon the ground that the defendant was a non-resident of the State, and has property in this State, which was taken by virtue of the garnishee process served upon the railway company.
Section 70 of the code provides that service may be made upon the defendant by publication, in an action brought against a non-resident of the State having property in the State sought to be taken by any of the provisional remedies, or to be appropriated in any way.
We shall assume, for the purpose of this action, that it is within the power of the legislature to prescribe the manner in which service may be made in actions instituted in the courts of the State, in which property situate within the State is in any way involved, or may be appropriated.
It will be observed, that service by publication is authorized by the 3d clause of the 70th section of the code, upon the concurrence of three conditions, 1st. The non-residence of the defendant; 2d. That he is the owner of property within this State; and 3d. That such property is sought to be taken by a provisional remedy, &c.
The non-residence of Butler, at the commencement of the suit against him, is not disputed. But it is contended, 1st. That he was not the owner of any stock in the railroad company at the time ; and 2d. That no property was in fact taken under the-proceeding in attachment.
As to the first proposition we will only say, at this place, that, in the action against him the court upon inquiry found *229 that he was the owner ; and in the case now under review, upon a direct issue joined, the jury found, and, we think, upon sufficient evidence, that he was the beneficial owner at the time, and that his transfer of the stock was in fraud of his creditors.
Then, as to the second proposition, being the owner of the stock, he had an interest in the corporate property of the defendant in error, which was a proper subject for attachment, and Avas held by the garnishee process. Under our statute a corporation may properly be made a garnishee in a case where the only property sought to be attached is capital stock of the company, owned by the defendant or held for his benefit. And such garnishee, from the time of service of notice upon it, becomes liable to account to the attaching creditor for such stock and its proceeds, if he finally succeed in the action.
Section 194 of the code, provides that stocks and interest in stocks may be attached. Section 200 provides that a corporation may be made garnishee. Section 205 provides that the garnishee shall stand liable to the plaintiff for all property in his hands from the time of notice. And section 214 provides that the garnishee, if a corporation, shall, in its ansAver, disclose truly any stools therein held by or for the benefit of the defendant at or after the time of service.
We take it, therefore, that it Avas the intention of the legislature that any stock in the corporation, owned by the defendant, or held for his benefit at the time of the notice or afterwards, should be bound by the attachment. And that too, whether the officers of the corporation making the ansAver might or might not have knowledge that the defendant Avas the owner thereof. If this be so, it folloAVS that the answer of the garnishee denying any knowledge of such ownership is not conclusive upon the question of such jurisdictional fact. Nor can such answer deprive the attaching creditor of his right, under the statute, to make service by publication. That right depends upon the existence of the fact of the defendant’s ownership, and not upon the garnishee’s knowledge of it. And jurisdiction once obtained *230 can no more be ousted by the answer of the garnishee, than it can be acquired by the answer when the defendant is not the owner of any property in the State.
It is true, that a corporation does not own the shares of the capital stock, nor has it any control over it, except as to the manner of transferring its legal title ; but the point I desire to make is this, that, by force of the statute, shares of stock in a corporation in this State, belonging in law or in equity to a non-resident debtor, may be as effectively attached by making the corporation a garnishee, as if the stock were in its possession and under its control.
That the answer of the garnishee denying the defendant’s ownership of any of its stock, or denying its knowledge of such ownership, is not conclusive as to the fact, is manifest from the provisions of the 218th section of the code, which provides for an action in favor of the plaintiff in attachment against the garnishee, if the disclosures in the answer are not satisfactory to the plaintiff. And that an unsatisfactory answer from the garnishee is not conclusive upon the question of jurisdiction in the original case, is clearly inferable from the provisions of section 219, which provides that judgment shall not be rendered against the garnishee in an action against him for failing to make disclosures in his answer satisfactory to the plaiutifF, until the action against the defendant in attachment is determined, and if determined in favor of the defendant in attachment the action against the garnishee shall be dismissed.
We think the provisions of these sections are not limited to cases where jurisdiction of the defendant is otherwise obtained, but apply to cases where the jurisdiction depends upon the existence of property in the hands of the garnishee liable to be taken by the garnishee process.
The question under consideration being as to the jurisdiction of the court, and not as to the regularity of its proceedings, it is important, it appears to me, to keep distinctly in mind the fact that this action was in personam, — an action for the recovery of money, and not a proceeding in rem merely. It matters not, therefore, whether the property *231 taken by the garnishee process came into the custody of the officer or not. The only important and control ing question is whether the case was one in which service upon the defendant by publication was authorised by statute.
That the publication was duly made, and upon the showing and in the manner prescribed, is not controverted ; and that notice of garnishment was duly served upon the corporation is not denied.
In the attachment proceeding against Butler, it was claimed by the plaintiff that he was the owner of the stock, and that claim was verified by affidavit. The garnishee in his answer denied that the defendant owned any stock to its knowledge. Afterwards, upon the trial of the cause, the court heard testimony and found that he was the owner, although it stood in the name of his wife. The record does not disclose the testimony that was offered, but we are of opinion that it was competent for the court to inquire into this jurisdictional fact, and having found it in favor of the jurisdiction, the subsequent judgment and order rvere not void.
2. Notwithstanding the views above expressed, the court is unanimously of opinion that this motion ought to be overruled, for the reason that the plaintiff in error was not entitled, in the court of common pleas, to the judgment that was rendered in its favor. Admitting all that can be claimed for the plaintiff, upon the petition and from the testimony set out in the record, no case was made for a judgment against the defendant in error for the value of the stock.
The plaintiff's case was this : It was the equitable owner of forty shares of the capital stock of the defendant — a railroad corporation. Certificates for this stock wefe outstanding in the name and possession of another party claiming title. The defendant refused to acknowledge the plaintiff as a member or stockholder. The plaintiff demanded of the defendant to transfer and deliver to it the forty shares of which it was the equitable owner. The defendant refused to comply with the demand. Action for the value of the stock and judgment accordingly. .
*232 In order to clearly understand the rights of these parties, the nature of the relation between them must be considered.
The defendant was a railroad corporation whose corporate property consisted of a railway and other valuable interests. This corporate property was held by the company in trust for the benefit of its stockholders. The plaintiff was an equitable stockholder,.and, as such, had a resulting beneficial interest in the corporate property, and was entitled to all the rights and privileges of a corporator. The defendant had no power of control over the stock of the plaintiff, except as to the mode and manner of transferring the legal title. The legal title, or, in other words, the certificates of the plaintiff’s stock, the primary evidence of its ownership, was in the name and possession of another'party vvho claimed to be the absolute owner thereof. The books of the company coincided with the evidence of the certificates, and made a prima facie case against the claim of the plaintiff. Now, can it be, that because the defendant refused to assume the peril of deciding between the contending claimants, by issuing other certificates fot the same stock to the plaintiff upon demand, that it thereby became a wrongdoer and converted the plaintiff’s stock to its own use, and rendered itself liable to respond in the full value of the stock to the claimant who could establish his right in a court of law ? The mere statement of the proposition refutes it.
It may be, that the case, as here stated for the plaintiff, shows a good cause of action, but the relief obtained has no. correspondence with the injury sustained. It does not appear that the plaintiff has been deprived of any right or privilege belonging to it as a stockholder, but simply that the defendant has refused to acknowledge it to be a stockholder, and to furnish it with evidence of membership.
The remedy for this wrong lies in another direction.
Motion overruled.
Welch, C. J., and White, Day and West, JJ., con eurred.